Richard C. Greenberg (#37951), rgreenberg@gfwlaw.com
Samantha F. Lamberg (#155527), slamberg@gfwlaw.com
Greenberg, Fields & Whitcombe, LLP
21515 Hawthorne Boulevard, Suite 450
Torrance, California 90503-6531
Telephone No.: (310) 540-2000
Facsimile No.: (310) 540-6609

Attorneys for Defendant TRU 2005 RE I, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| BERWICK-KRAUSZ, a California general partnership, | Case No. C-07-04571 JF PVT |
| Plaintiff, | [Case Assigned to the Hon. Jeremy Fogel, District Court Judge, Courtroom 3, 5th Floor] |
| v. | |
| TRU 2005 RE I, LLC, a Delaware limited liability company, | **ANSWER OF TRU 2005 RE I, LLC** |
| Defendant. | **DEMAND FOR JURY TRIAL** |
| | Action filed: September 4, 2007 |

Defendant TRU 2005 RE I, LLC, a Delaware limited liability company (hereafter, "TRU") answers the complaint of plaintiff Berwick-Krausz ("Plaintiff") as follows:

**IN ANSWER TO THE GENERAL ALLEGATIONS**

1.   Answering paragraph 1, admits the allegations thereof.

-1-

1  2.   Answering paragraph 2, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, denies said allegations.

3.   Answering paragraph 3, admits the allegations thereof.

4.   Answering paragraph 4, admits the allegations thereof.

5.   Answering paragraph 5, admits that venue lies in the Northern District of California, and except as so admitted, denies the allegations thereof.

6.   Answering paragraph 6, denies that TRU entered into the Lease (as defined in the complaint) in the County of Santa Clara, State of California, and except as so denied, admits the allegations thereof.

**IN ANSWER TO THE FACTUAL ALLEGATIONS**

7.   Answering paragraph 7, admits the allegations thereof.

8.   Answering paragraph 8, denies that the Landlord has performed its obligation to accept TRU's exercise of the second option provided under the Lease (hereafter, "Second Option"), denies that TRU has breached any obligation under the Lease, and except as so denied, admits the allegations thereof.

9.   Answering paragraph 9, admits the allegations thereof.

-2-

1     10.   Answering paragraph 10, admits the allegations thereof.

3     11.   Answering paragraph 11, denies that "initial term" is a
4  defined term under the Lease, alleges that the Lease provides for the
5  extension of the initial term of the Lease by exercise of the first
6  option provided under the Lease (hereinafter, "First Option"), and
7  except as so denied and alleged, admits the allegations thereof.

9     12.   Answering paragraph 12, admits the allegations thereof.

11    13.   Answering paragraph 13, admits the allegations thereof.

13    14.   Answering paragraph 14, admits the allegations thereof.

15    15.   Answering paragraph 15, admits the allegations thereof.

17    16.   Answering paragraph 16, admits that Article 11, Sections
18 11.01 and 11.02, provide as quoted, alleges that when read in the
19 context of the Lease in its entirety, the notice of exercise of the
20 Second Option may be given six months prior to the expiration of the
21 original 25 year term of the Lease as extended by the First Option
22 period, and except as so admitted and alleged, denies the allegations
23 thereof.

25    17.   Answering paragraph 17, admits that the Lease requires the
26 First Option to be exercised not later than six months prior to the
27 expiration of the first 25 year term of the Lease, alleges that the
28 Second Option may be exercised not later than six months prior to the

-3-

1  original 25 year term of the Lease as extended by the First Option
2  period, and except as so admitted, denies the allegations thereof.

4      18.   Answering paragraph 18, admits that the original 25 year
5  term of the Lease expired on January 31, 1998, and except as so
6  admitted, denies the allegations thereof.

8      19.   Answering paragraph 19, admits that by letter dated
9  September 11, 1996, a copy of which is attached to the complaint as
10 Exhibit B, TRU notified the Landlord in writing that it would
11 exercise the First Option under the Lease, thereby extending the term
12 of the Lease by ten years, and except as so admitted, denies the
13 allegations thereof.

15     20.   Answering paragraph 20, admits that by letter dated June
16 12, 2007, a copy of which is attached to the complaint as Exhibit C,
17 TRU exercised the Second Option under the Lease, and except as so
18 admitted, denies the allegations thereof.

20     21.   Answering paragraph 21, denies that TRU has no right to
21 exercise the Second Option under the Lease, and except as so
22 expressly denied, is without sufficient knowledge or information to
23 form a belief as to the truth of the allegations contained therein,
24 and on that basis, denies said allegations.

**IN ANSWER TO THE FIRST CLAIM FOR RELIEF**

(Declaratory Relief)

22.  TRU incorporates by reference the admissions, denials and allegations set forth in paragraphs 1 through 21, above.

23.  Answering paragraph 23, admits that an actual controversy has arisen between TRU and Plaintiff concerning their rights and obligations under the Lease, admits that a declaratory judgment is warranted; admits that Plaintiff asserts the contentions there set forth; denies the validity of Plaintiff's contentions there alleged; and denies the remaining allegations thereof.

24.  Answering paragraph 24, admits the allegations thereof.

25.  Answering paragraph 25, admits that a judicial determination of the controversy between TRU and Plaintiff is necessary and appropriate at this time so that both parties may ascertain their rights and obligations pursuant to the Lease, and except as so admitted, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis, denies said allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(Estoppel)**

26.  Prior to execution of the Lease, the Landlord and Tenant ("Landlord," and "Tenant," as used hereafter shall mean the landlord

or tenant under the Lease at the time of the events then described) under the Lease negotiated, intended, and expressly agreed, that the Lease would contain two successive ten year options, the first to be exercised six months prior to expiration of the original 25 year term of the Lease, and the second six months prior to expiration of the extended term of the Lease if the First Option were exercised.

27.  The Lease, including Article 11 thereof, was intended to embody, and does embody and state that understanding.

28.  The understanding of the original parties to the Lease that the options provided under the Lease were to be exercised successively is further memorialized in the Memorandum of Lease made and executed by Amos S. Krausz and Andrew S. Berwick, Jr., the original landlord, and Toys R Us Covina, Inc., the original tenant, as of June 16, 1972, which provides in pertinent part:

> Lessee, at its option, is entitled to exercise two (2) *successive* extensions of this Lease, each extension to be for a period of ten (10) years.  (Emphasis added.)

29.  On September 11, 1996, Tenant TRU Properties, Inc., gave notice of its intent to exercise its option to extend the term of the Lease to January 31, 2008.

30.  On September 12, 1996, at the instance and request of the Landlord, TRU Properties, Inc., provided to the Landlord's lender an "estoppel" letter (hereafter, the "Estoppel Letter"), which provided

-6-

in part:

> The term of the Lease commenced on October 15, 1972 and expires January 31, 2008 with one (1) option to extend the Lease for one (1) additional ten (10) year period.

31. The Estoppel Letter was intended to mean, and fairly read does provide, that the Tenant had a second remaining option which could be exercised within time limits measured by the Lease term as extended to January 31, 2008. TRU is informed and believes, and thereon alleges, that the Estoppel Letter was so understood and construed by the Landlord.

32. The Landlord was aware at the time of receipt of the Estoppel Letter, and thereafter at all times relevant, that the Tenant was relying upon its right to exercise the Second Option until six months prior to January 31, 2008. In failing to question, or express to Tenant disagreement with, the Estoppel Letter, Landlord intended the Tenant to rely upon the fact that it had until six months prior to January 31, 2008, within which to exercise the Second Option. Had the Landlord then notified Tenant of the Landlord's contention that the time for exercise of the Second Option expired July 31, 1997, Tenant would have had adequate time within which to obtain a determination of its rights, or for avoidance of doubt, to have exercised the Second Option.

33. From 1992 through the present date, Tenant has expended in excess of two million, nine hundred thousand dollars ($2,900,000) in

1  capital costs, exclusive of furniture, fixtures and equipment, in
2  improving the Leasehold premises.  The great preponderance of that
3  sum was expended after July 31, 1997.

5       34.   TRU's Tenant's interest under the Lease has a present
6  value, consisting of the difference between the rent reserved under
7  the Lease, and fair market rent, of in excess of five million dollars
8  ($5,000,000).

10      35.   At the request of the Landlord, on January 26, 2007, TRU
11 provided a further estoppel letter to the Landlord's lender.  Said
12 estoppel letter again recited in part as follows:

14          The term of the Lease commenced on October 15, 1972
15      and expires January 31, 2008, with one (1) remaining option
16      to extend the Lease for one (1) additional ten (10) year
17      period.

19      36.   The Landlord responded to TRU on March 1, 2007, for the
20 first time contending that the Lease required that not only the First
21 Option, but the Second Option as well, had to be exercised not less
22 than six months prior to expiration of the original 25 year term of
23 the Lease; and that because the Second Option had not been exercised
24 at least six months prior to January 31, 1998, it had been forfeited.

26      37.   TRU advised the Landlord that it was incorrect, and on June
27 12, 2007, a date more than six months prior to expiration of the
28 Lease term as extended by the First Option, gave written notice of

-8-

1  its election to exercise the Second Option.

3  38.  Loss by TRU of its right to exercise the Second Option
4  would be inequitable and would result in extraordinary loss to TRU.
5  Therefore, assuming without admitting (and in fact vigorously
6  contending to the contrary) that the Lease would otherwise be
7  construed to require exercise of the Second Option on or before July
8  31, 1997, Landlord should be estopped to so assert, and estopped to
9  deny that TRU has timely exercised the Second Option.

## SECOND AFFIRMATIVE DEFENSE
(Waiver)

14  39.  TRU incorporates by reference the allegations set forth at
15  paragraphs 26 through 38, above.

17  40.  By virtue of the foregoing, Plaintiff has waived the right
18  to assert that TRU's exercise of the Second Option is not timely.

## THIRD AFFIRMATIVE DEFENSE
(Reformation – Mutual Mistake)

23  41.  TRU incorporates by reference the allegations set forth at
24  paragraphs 26 through 38, above.

26  42.  On or about June 16, 1972, Amos Z. Krausz and Andrew S.
27  Berwick, Jr., as Landlord, and Toys R Us Covina, Inc., as Tenant,
28  entered into the Lease.

-9-

1    43.  Prior to their execution of the Lease, said Landlord and
2 Tenant agreed as follows (hereafter, the "Agreement"): that the Lease
3 would provide for a base term of 25 years, together with two ten year
4 options, the first to be exercised not later than six months prior to
5 expiration of the base term, and, if the First Option were exercised,
6 the second could be exercised not later than six months prior to
7 expiration of the Lease term as extended by the First Option.

9    44.  To embody the Agreement, said Landlord and Tenant caused
10 the Lease to be prepared with the following provisions at Article 11
11 of the Lease:

> OPTION TO EXTEND LEASE. 11.01  Provided the Lessee shall
> not be in default at the time for exercising its options of
> any of the provisions of this Lease, Lessee shall have the
> option to extend the term of this Lease for an additional
> period of ten (10) years upon the same terms and conditions
> as contained in this Lease, which option shall be exercised
> by written notice to Lessor not less than six (6) months
> prior to the expiration of the initial term hereof.
>
> 11.02  Provided the Lessee shall not be in default at the
> time for exercising its options of any of the provisions of
> this Lease, Lessee shall have the option to extend the term
> of this Lease for an additional period of ten (10) years
> upon the same terms and conditions as contained in this
> Lease, which option shall be exercised by written notice to
> Lessor not less than six (6) months prior to the expiration
> of the initial term hereof.

24    45.  TRU contends that Article 11 of the Lease, fairly
25 construed, sets forth the Agreement.  As reflected in the complaint
26 herein, Plaintiff contends to the contrary.

-10-

46. Assuming, without admitting, that Plaintiff's contention were otherwise correct, the failure of Article 11 to properly state the Agreement was the result of a mutual mistake of law concerning the phraseology of Article 11.

47. TRU did not discover Plaintiff's belated contention concerning the meaning of Article 11 until March 1, 2007, when Plaintiff first made its contentions known, as more particularly set forth at paragraph 36, above. Because the dispute concerning the meaning of Article 11 necessarily rests upon the contention of the parties about the interpretation of the language of Article 11, if Plaintiff is otherwise correct in its contention, TRU could not have earlier discovered the mistake in the drafting of Article 11.

48. TRU therefore requests reformation of Article 11 of the Lease, to conform the Agreement of the Original Landlord and Tenant, as set forth at paragraph 42, above, to provide that if the First Option is exercised, the Second Option may be exercised until not later than six months prior to the term of the Lease as extended by the First Option.

**FOURTH AFFIRMATIVE DEFENSE**

(Reformation – Unilateral Mistake)

49. TRU hereby incorporates by reference the allegations set forth at paragraphs 26 through 48, above.

1  50.   In the alternative, TRU is informed and believes, and
2 thereon alleges, that if Article 11 of the Lease does not reflect the
3 Agreement, the failure arises from a mistake of law on the part of
4 the Tenant which was at all times relevant known or suspected by the
5 Landlord, but which remained undisclosed by the Landlord until March
6 1, 2007, as more particularly set forth in paragraphs 35 and 36,
7 above.

  WHEREFORE, defendant TRU prays for judgment as follows:

  1.   That the Court declare that the Second Option has been timely exercised;

  2.   That Plaintiff take nothing by its complaint herein;

  3.   For costs of suit incurred; and

  4.   For such other and further relief as the Court deems just and proper.

DATED:  September 27, 2007       GREENBERG, FIELDS & WHITCOMBE, LLP


                                 By:_s/Richard C. Greenberg_____ _____
                                     Richard C. Greenberg
                                 Attorneys for Defendant TRU 2005 RE I,
                                 LLC, a Delaware limited liability
                                 company

-12-

**DEMAND FOR JURY TRIAL**

Trial by jury is hereby demanded.

DATED: September 27, 2007        GREENBERG, FIELDS & WHITCOMBE, LLP


                                 By: s/Richard C. Greenberg
                                    Richard C. Greenberg
                                 Attorneys for Defendant TRU 2005 RE I,
                                 LLC, a Delaware limited liability
                                 company