Richard C. Greenberg (#37951), rgreenberg@gfwlaw.com
Samantha F. Lamberg (#155527), slamberg@gfwlaw.com
Greenberg, Fields & Whitcombe, LLP
21515 Hawthorne Boulevard, Suite 450
Torrance, California 90503-6531
Telephone No.: (310) 540-2000
Facsimile No.: (310) 540-6609

Attorneys for Defendant TRU 2005 RE I, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| BERWICK-KRAUSZ, a California general partnership, | ) Case No. C-07-04571 JF PVT |
| | ) |
| | ) [Case Assigned to the Hon. Jeremy |
| Plaintiff, | ) Fogel, District Court Judge, |
| | ) Courtroom 3, 5th Floor] |
| v. | ) |
| | ) |
| TRU 2005 RE I, LLC, a Delaware limited liability company, | ) **JOINT CASE MANAGEMENT STATEMENT** |
| | ) |
| | ) **[Civil Local Rule 16-9]** |
| Defendant. | ) |
| | ) |
| | ) Action filed:  September 4, 2007 |
| | ) |

Defendant TRU 2005 RE I, LLC, a Delaware limited liability company (hereafter, "TRU" or "Defendant"), and plaintiff Berwick-Krausz, a California general partnership ("Plaintiff"), respectfully submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-9.

1.    <u>Jurisdiction and Service.</u>  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  TRU, the only defendant, has been served and has filed an answer.  TRU's principal place of

1  business, documents and primary witnesses are located in New Jersey.

2  Plaintiff's principal offices and documents are located in

3  Burlingame, California.

4

5  2.  <u>Facts.</u>  This case involves a dispute concerning a 1972

6  lease (the "Lease").  Plaintiff and Defendant are the successors in

7  interest to the original landlord and tenant, respectively, under the

8  Lease.  The premises demised under the Lease are located in San Jose

9  and have been improved with a Toys "R" Us retail store operated by

10  Defendant.

11

12  The Lease provides for an initial term of 25 years from the date

13  of occupancy: that is, from October 15, 1972.  Article 2 of the Lease

14  provides that the initial term will terminate on the 31st day of

15  January after the completion of the 25th full "lease year".  Here,

16  that initial termination date was January 31, 1998.

17

18  Article 11 of the Lease provides two ten-year options to extend

19  the term of the Lease.  Plaintiff contends that both of those options

20  had to be exercised on or before six months prior to the expiration

21  of the initial term of the Lease.  Defendant contends that it was

22  entitled to exercise those two options successively, with the first

23  option being exercised not later than July 31, 1997, and the second

24  option being exercised not later than July 31, 2007 (or six months

25  before termination of the initial term, as extended by the first ten-

26  year option, or January 31, 2008).

27

28

1    Plaintiff filed its complaint for declaratory relief on

2  September 4, 2007.

3

4    3.  <u>Legal Issues.</u>  Plaintiff's complaint seeks a declaration of

5  the parties' rights and obligations with respect to the Lease.

6  Defendant's answer concurs that declaratory relief is appropriate.

7  The legal issues involve (1) interpretation of the Lease,

8  (2) determination of whether the Lease is ambiguous, and parol

9  evidence should be admissible to interpret the Lease,

10 (3) determination of whether Plaintiff has waived the right to

11 assert, or should be estopped from asserting, that TRU's exercise of

12 the Second Option was not timely, and (4) whether the Lease should be

13 reformed based on mutual or unilateral mistake.

14

15    4.  <u>Motions.</u>  There are no prior or pending motions.  No

16 motions are currently anticipated, with the possible exception of a

17 summary judgment motion by either side.

18

19    5.  <u>Amendment of Pleadings.</u>  The parties at present to do not

20 contemplate an amendment of the pleadings or addition of any parties.

21 The parties propose a March 31, 2008 deadline to amend the pleadings.

22

23    6.  <u>Evidence Preservation.</u>  Counsel for both Plaintiff and

24 Defendant have formally advised their clients to preserve, and place

25 a litigation hold on, any and all documents relevant to the issues

26 reasonably evident in this action, including electronically

27 maintained information and e-mail. Each is informed and believes that

28 such a hold has been placed, and that key personnel and the IT

-3-

department for each client have been advised of, and have implemented, the litigation hold.

7.    Disclosures.    On November 13, 2007, counsel conducted an early meeting concerning the initial disclosures required by Fed. R. Civ. P. 26, and discussed the facts, documents and primary witnesses in this matter.    The parties exchanged the information required by Fed. R. Civ. P. 26(a)(1) on December 7, 2007.

8.    Discovery / Proposed Discovery Plan.    No discovery has been taken to date.    The parties expect to exchange written discovery, and to take depositions of parties, percipient witnesses, and experts concerning the drafting and interpretation of the Lease, the related rights and obligations of the parties under the Lease, and the affirmative defenses asserted by TRU.    Once the parties have taken preliminary discovery from the primary witnesses, the list of discovery areas may be augmented.

Based on that understanding, the parties propose the following discovery plan:

A.    **Discovery Cutoff.**    Formal discovery shall commence on December 15, 2007.    The parties propose that all discovery, with the exception of discovery from expert witnesses, shall be commenced in time to be completed by June 30, 2008.

**B.    Discovery Limitations.**

(1)  <u>Interrogatories</u>.  Maximum of 50 interrogatories by each party to the other party, subject to further stipulation by the parties or leave of Court.  The interrogatories shall not include subparts.  Responses shall be due according to Federal Rules of Civil Procedure ("Federal Rules"), unless extended by stipulation.

(2)  <u>Production of Documents and Things and Entry Upon Land</u>.  Document demands according to Federal Rules and Local Rules, subject to further stipulation by the parties or leave of Court.

(3)  <u>Requests for Admission</u>.  Requests for admission according to Federal Rules and Local Rules, subject to further stipulation by the parties or leave of Court. Responses due according to Federal Rules, unless extended by stipulation.

(3)  <u>Depositions</u>.  At this juncture, the parties anticipate an aggregate of 14 percipient witness depositions.  No more than 10 percipient witness depositions may be conducted by either side, subject to further stipulation by the parties or leave of Court.  Each deposition shall be limited to a maximum of 7 hours unless extended by stipulation or leave of Court.

Although the parties can request production of documents at a deposition of a party, or officer, director or employee of a party, the procedure shall not be in accordance with Federal Rule 34. Rather, such production may be requested at the deposition if at least 30 days notice is provided. The opposing party shall lodge any objections to document requests no later than five days before the deposition, and any failure to produce shall be resolved under Federal Rule 37(a)(2)(B) and Local Rule 37.

**C.  Expert Witnesses.**  The parties propose that reports from retained experts under Federal Rule 26(a)(2) shall be due by August 15, 2008; any rebuttal reports shall be due by September 30, 2008; and expert witness depositions shall be completed by November 1, 2008.

In any respects not specifically addressed above, the parties propose to conduct discovery in accordance with the Federal Rules and Local Rules.

9.  <u>Class Actions.</u>  Not applicable.

10.  <u>Related Cases.</u>  Not applicable.

11.  <u>Relief.</u>  Plaintiff's complaint seeks a declaration of the parties' rights and obligations with respect to the Lease. Plaintiff seeks a declaration that TRU's exercise of the Second Option was untimely, and that TRU is obligated to turnover the leased premises

-6-

1  in accordance with the Lease, or be deemed a holdover tenant on a

2  month to month basis.  Defendant concurs that declaratory relief is

3  appropriate.  Defendant asserts that the Second Option has been

4  timely exercised, and that the Lease therefore continues in effect

5  until the expiration of the Second Option period.

6

7      12.  Settlement and ADR.  There have been no ADR efforts to

8  date.  The parties have met and conferred concerning ADR, and have

9  agreed to non-binding private mediation before either JAMS or ADR

10 Services, and have submitted the court form of Stipulation to same.

11 The parties have concluded that private mediation will be most

12 effective after the parties have completed substantial discovery,

13 including depositions.  Thus, they have requested a July 31, 2008

14 date for completion of mediation. The Stipulation and (Proposed)

15 Order Selecting ADR Process which was entered by the Court on

16 November 29, 2007 appears ambiguous as to the timing issue, and the

17 parties therefore respectfully request that the Court clarify that

18 order.

19

20     13.  Consent to Magistrate Judge For All Purposes.  The parties

21 are not willing to consent to have a magistrate judge conduct all

22 further proceedings, including trial and entry of judgment.

23

24     14.  Other References.  This case is not suitable for reference

25 to binding arbitration, a special master, or the Judicial Panel on

26 Multidistrict Litigation.

27

28

15.  <u>Narrowing of Issues.</u>  Neither party anticipates a motion to bifurcate.  The parties can and will likely stipulate to a number of core facts, and to the authenticity of a number of documents, to expedite the presentation of evidence at trial.

16.  <u>Expedited Schedule.</u>  This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17.  <u>Scheduling</u>.  The following dates are proposed by the parties, subject to guidance by the Court:

    **A.   Deadline to Amend Pleadings.**  The parties recommend a March 31, 2008 deadline for amendment of the pleadings.

    **B.   Discovery Cutoff.**  The parties propose that all discovery, with the exception of discovery from expert witnesses, shall be commenced in time to be completed by June 30, 2008.

    **C.   Expert Witnesses.**  The parties suggest as follows: retained expert shall be designated by August 15, 2008; rebuttal experts shall be designated by September 30, 2008; and expert witness depositions shall be completed by November 1, 2008.

    **D.   Dispositive Motions.** The parties propose that dispositive motions shall be heard by August 15, 2008.

-8-

**E.    Pretrial Conference and Trial.**  The parties suggest that the Pretrial Conference be held in approximately December 2008, and that the trial begin approximately 30 days following the Pretrial Conference.

18.  <u>Trial.</u>  Both parties have demanded a jury trial.  There is some chance that the parties may later stipulate to a court trial. The trial estimate is presently 10 days.

19.  <u>Disclosure of Non-Party Interested Entities or Persons.</u> Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

Plaintiff had no interest to report other than the named parties.

Defendant certified as follows: The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

a.    TRU 2005 RE Holding Co. I, LLC, a Delaware limited liability company;

1      b.    Wayne Real Estate Holding Company, LLC, a Delaware
2    limited liability company;

3

4      c.    Toys "R" Us, Inc., a Delaware corporation; and

5

6      d.    Toys "R" Us Holdings, Inc., a Delaware corporation.

7

8    20.  <u>Miscellaneous Matters.</u>  Not applicable.

9

10   DATED:  December 7, 2007      GREENBERG, FIELDS & WHITCOMBE, LLP

11

12
                                  By:_s/Samantha F. Lamberg_____ _ _____
13                                     Samantha F. Lamberg
                                  Attorneys for Defendant TRU 2005 RE I,
14                                LLC, a Delaware limited liability
                                  company
15

16

17

18   DATED:  December 7, 2007      JEFFER, MANGELS, BUTLER & MARMARO, LLP

19

20
                                  By:_s/Martin H. Orlick_____ _ _____
21                                     Martin H. Orlick
                                  Attorneys for Plaintff Berwick-Krausz,
22                                a California general partnership

23

24

25

26

27

28

-10-