Richard C. Greenberg (#37951), rgreenberg@gfwlaw.com
Samantha F. Lamberg (#155527), slamberg@gfwlaw.com
Greenberg, Fields & Whitcombe, LLP
21515 Hawthorne Boulevard, Suite 450
Torrance, California 90503-6531
Telephone No.: (310) 540-2000
Facsimile No.: (310) 540-6609

Attorneys for Defendant TRU 2005 RE I, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| BERWICK-KRAUSZ, a California general partnership,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRU 2005 RE I, LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No. C-07-04571 JF PVT<br><br>[Case Assigned to the Hon. Jeremy Fogel, District Court Judge, Courtroom 3, 5th Floor]<br><br>**RULE 26(f) REPORT, INCLUDING PROPOSED DISCOVERY PLAN**<br><br>**[Fed. R. Civ. P. 26(f)]**<br><br>Action filed:  September 4, 2007 |

　　　Defendant TRU 2005 RE I, LLC, a Delaware limited liability company (hereafter, "TRU" or "Defendant"), and plaintiff Berwick-Krausz, a California general partnership ("Plaintiff") respectfully submit the following Rule 26(f) Report, Including Proposed Discovery Plan, pursuant to Fed. R. Civ. P. 26(f).

-1-

1.  <u>Rule 26(f) Conference.</u>  Pursuant to Fed. R. Civ. P. 26 ("Rule 26"), and this Court's Order Setting Initial Case Management Conference and ADR Deadlines, counsel conducted an early meeting concerning the initial disclosures required by Rule 26(a)(1), the subjects identified by Civil L.R. 16-9, and the matters addressed in Rule 26(f).  Richard C. Greenberg and Samantha F. Lamberg of Greenberg, Fields & Whitcombe, LLP, participated in the meeting on behalf of defendant TRU; Martin H. Orlick and Matthew S. Kenefick of Jeffer, Mangels, Butler & Marmaro LLP, participated on behalf of Plaintiff.

2.  <u>Initial Disclosures.</u>  The parties exchanged the information required by Rule 26(a)(1) on December 7, 2007.  No changes need to be made to the timing, form or requirement for disclosures under Rule 26(a)(1).

3.  <u>Discovery / Proposed Discovery Plan.</u>

   **A.  Status and Subjects of Discovery.**  No formal discovery has been taken to date.  The parties expect to exchange written discovery, and to take depositions of parties, percipient witnesses, and experts concerning the drafting and interpretation of the Lease, the related rights and obligations of the parties under the Lease, and the affirmative defenses asserted by TRU.  Once the parties have taken preliminary discovery from the primary witnesses, the list of discovery areas may be augmented.

1     **B.   Proposed Discovery Cutoff.**  Formal discovery shall commence on December 15, 2007.  The parties propose that all discovery, with the exception of discovery from expert witnesses, shall be commenced in time to be completed by June 30, 2008.  Aside from conducting ordinary discovery before expert discovery, the parties do not propose to conduct discovery in phases.

    **C.   Discovery Limitations.**

    (1)   <u>Interrogatories</u>.  Maximum of 50 interrogatories by each party to the other party, subject to further stipulation by the parties or leave of Court.  The interrogatories shall not include subparts.  Responses shall be due according to Federal Rules of Civil Procedure ("Federal Rules"), unless extended by stipulation.

    (2)   <u>Production of Documents and Things and Entry Upon Land</u>.  Document demands according to Federal Rules and Local Rules, subject to further stipulation by the parties or leave of Court.

    (3)   <u>Requests for Admission</u>.  Requests for admission according to Federal Rules and Local Rules, subject to further stipulation by the parties or leave of Court.  Responses due according to Federal Rules, unless extended by stipulation.

      (3) <u>Depositions</u>.  At this juncture, the parties anticipate an aggregate of 14 percipient witness depositions.  No more than 10 percipient witness depositions may be conducted by either side, subject to further stipulation by the parties or leave of Court.  Each deposition shall be limited to a maximum of 7 hours unless extended by stipulation or leave of Court.

      Although the parties can request production of documents at a deposition of a party, or officer, director or employee of a party, the procedure shall not be in accordance with Federal Rule 34.  Rather, such production may be requested at the deposition if at least 30 days notice is provided.  The opposing party shall lodge any objections to document requests no later than five days before the deposition, and any failure to produce shall be resolved under Federal Rule 37(a)(2)(B) and Local Rule 37.

**D.    Expert Witnesses.**  The parties propose that reports from retained experts under Federal Rule 26(a)(2) shall be due by August 15, 2008; any rebuttal reports shall be due by September 30, 2008; and expert witness depositions shall be completed by November 1, 2008.

**E.    Evidence Preservation and Production of Electronically Stored Information.**  Counsel for both Plaintiff and Defendant have formally advised their clients to preserve, and place a litigation hold on, any and all documents

-4-

1 relevant to the issues reasonably evident in this action,
2 including electronically maintained information and e-mail.
3 Each is informed and believes that such a hold has been
4 placed, and that key personnel and the IT department for
5 each client have been advised of, and have implemented, the
6 litigation hold.  Upon request and to the extent available,
7 electronically stored information will be produced in its
8 native format(s), with metadata intact, by the propounding
9 party.  Each side shall produce its own electronic
10 information, and neither side will provide the other access
11 to its computer systems absent court order for good cause
12 shown.

14 **F.   Privilege Issues.**  The parties are not presently aware
15 of any particular issues relating to privilege.  To the
16 extent documents are withheld under a claim of privilege,
17 the party withholding such information shall provide a
18 privilege log in sufficient detail to assist the court in
19 determining whether the withheld document is in fact
20 privileged.

22 **G.   Protective Orders.**  The parties do not presently
23 anticipate the need for any protective orders.  In the
24 event protective orders are later required, the moving
25 party shall meet and confer concerning the need for such
26 order as contemplated by Rule 26(c).

Except as set forth above, the parties propose to conduct discovery in accordance with the Federal Rules and Local Rules.

DATED: December 7, 2007      GREENBERG, FIELDS & WHITCOMBE, LLP

By: _s/Samantha F. Lamberg_____
    Samantha F. Lamberg
Attorneys for Defendant TRU 2005 RE I, LLC, a Delaware limited liability company

DATED: December 7, 2007      JEFFER, MANGELS, BUTLER & MARMARO, LLP

By: _s/Martin H. Orlick_____
    Martin H. Orlick
Attorneys for Plaintff Berwick-Krausz, a California general partnership